It's case number 2530193, and we'll hear from Jack Truitt. Yes, ma'am. Is that how you pronounce it? Yes, ma'am. Okay. Good morning, Your Honors. May it please the Court. My name is Jack Truitt, and I represent the appellants Rick and Amy Trahant. Mr. Trahant, my co-counsel, is present with me at the table. Your Honors, this case arises out of a state law claim for abuse of process by the appellees. The case was originally filed in state court, and then bankruptcy counsel removed it to federal court, alleging that there was federal jurisdiction in this case. However, under 28-1441, removal is only permitted for cases that could have been originally filed in federal court. This claim is a state law tort claim. It does not arise under federal law. And the only way that the appellees argue that the case gets to federal court is via the related to argument under 28 U.S.C. 1334, but that argument fails for several reasons. First of all, the claims are personal injury claims against third-party professionals. They're not claims against the trustee or anyone associated with the trustee. The claims do not arise under Title XI, nor do they have any significant connection to the bankruptcy case. In fact, the appellee's reliance on the related to jurisdiction is misplaced in this case because the resolution of the Trahant's claims does not in any way, shape, or form affect the administration of the bankruptcy estate, and that is what is required in order for the appellees to shoehorn this case into federal court. Additionally, Your Honors, the mandatory abstention under 28 U.S.C. 1334 applies. We timely move to remand the case. The state court is certainly competent of handling an abusive process claim, and so we felt like that the case should have been remanded back to state court. And I would note— Can I ask you something? Yes, ma'am. As you know, a case just came out on the sanctions, et cetera. Yes, ma'am. Do you want to comment on that and how does that relate here? Yes, ma'am. I don't— 2330466. I don't think that that in any way, shape, or form affects this case because what we're dealing with here is the issuance of the sanction order or the contempt order, not the sanction order. And so I think that the sanction order, while somewhat shocking to the conscience, is not applicable to this particular case. So one other thing I wanted to point out is that I believe, as the court is well aware, Judge Ash did not rule on the remand. It was Judge Grable who ruled on the remand, and I would submit to the court that only an Article III judge can remand a case to state court, not a bankruptcy court judge. The next argument that we make is the jurisdictional overreach by the bankruptcy court. As this court is well aware, under 28 U.S.C. 157, all tort claims have to be tried in district court unless the parties consent to the bankruptcy court's jurisdiction. No consent was ever given by the trayhand. I agree if there was going to be a jury, you absolutely would go to the district court. But I'm wondering, when the district court sends it for the lesser stuff, like a motion for summary judgment, why can't that go to the bankruptcy court and then come back to the district court who will look at it de novo? I agree, Your Honor, that the bankruptcy court is empowered to make certain discovery rulings and things like that. That is clear. That is in the law. However, what I would argue is that the cases that are relied upon by the appellees in that regard deal with cases that were clearly related to a bankruptcy case. And so this case, we argue, is not related to the bankruptcy case. And so I think it was inappropriate for the bankruptcy judge to rule on, for example, the remand, and to rule on the motion for summary judgment. Now, could she rule on a motion for summary? In fact, I think what the law says is that she has to make recommendations to the district court judge that are then adopted by the district court judge, and that was not done here. Yeah, but on a motion for summary judgment, however you want to call it, the district court takes it de novo. So that is not something that was referred to the district court and relied on the district court. Right, and that's exactly the problem here, Your Honor, is that the judge ruled on the summary judgment as opposed to making recommendations and findings of fact and conclusions of law. But what I'm saying is, while I understand that you want that, of course you don't want the bankruptcy at all, but if they're doing it, you want them to do it that way. But what I'm saying is that's not the same thing as ruling on something that then gets a much higher problem for you. You get de novo before the district court. So why isn't that, even if they ruled as opposed to just giving the fact and a this and a that, why isn't that just pretty much the same? Well, I think it presupposes, Your Honor, that the case is a court proceeding and it's not. And so that's the—I guess it's sort of putting the cart before the horse because the court has to decide whether or not it's a court proceeding. And then if it in fact is, then perhaps it's appropriate for the judge to make a recommendation on the motion for summary judgment. But I don't think you ever get there. We argue, Your Honor, that no consent was given in this case. This court, the Supreme Court actually, and Wellness International said that, speaks directly to this issue and says that there cannot be conference of Article III powers absent consent to the bankruptcy judge. In addition, in this particular case, Article 150—Section 157 of Title 28 requires that the bankruptcy judge has to make a case-by-case determination as to whether or not this was a court proceeding, and Judge Grable didn't do that. There is no record whatsoever that this was a court proceeding. There was no argument in that regard. There was no hearing in that regard. And so we argue that there was jurisdictional overreach in that regard. I've heard that premise come up several times. Why don't you flesh out your argument about why this isn't related to bankruptcy? Yes, because it doesn't impact the bankruptcy estate. That's a simple answer. The state tort claims would have no impact whatsoever on the bankruptcy estate. What are the underlying acts that are the subject of the state tort claim? Abuse of process because the appellee sent out a contempt order to 16,000 people when the bankruptcy judge simply did not order that. Yes, but, I mean, that was sent as part of the bankruptcy proceeding, right? Well, I agree that it originates out of the bankruptcy court. So isn't that—I think you need to explain why that fact doesn't make this a court proceeding. Well, it's no different than—I think if, for example— I mean, the argument is it was done under the direction of the bankruptcy judge. Right. So why wouldn't that be a— Well, I think it's no different than any other abuse of process claim. If there's no basis for federal jurisdiction, which we argue there is not, then that's a claim that belongs in state court, not in federal court. My question is the basis of the tort action was something that was allegedly ordered. I know you say it wasn't ordered by the bankruptcy judge, but the idea was this came out of a bankruptcy proceeding. So why isn't that a court proceeding? Because it's not a rising in, a rising under, or a court proceeding, Your Honor. I mean— Well, no, I mean, you didn't answer my question. So why isn't it a court proceeding given that the underlying actions are taking place in the context of a bankruptcy proceeding? Well— Send out this thing to the matrix, and you say they shouldn't have done that, or it wasn't actually ordered to do that, or it was sent to too many people. I get all that. But that doesn't in and of itself make it a bankruptcy case. Why not? Because it's a state court action.  We're just— Let me ask it this way. Yes, ma'am. In order to prevail on the abusive process claim in state court, don't your clients have to show that service of the order was not authorized? Yes, ma'am. So why isn't the question of whether the bankruptcy court authorized service appropriately in the bankruptcy court versus the state court? Isn't the bankruptcy court in the best position to say what it did or did not order? No, I think that a state court jury would be in a better position to decide that based upon a simple abusive process claim. Who would be the witnesses in that case in the state court? Would the bankruptcy judge have to be a witness? No. Why not? Because I think the pleadings would be—if you got certified pleadings, those would be admissible on their face. So you wouldn't have to call the bankruptcy court judge. Nor do I think you could call the bankruptcy court judge. People would be testifying about whether the bankruptcy court ordered X, Y, or Z. Right, but that would be a matter of the bankruptcy court record, so it would not necessitate calling Judge Grable as a witness. You would not ever get into the intent of what the judge ordered because that's manifest. What if from the pleadings it's unclear and so we want to know from the horse's mouth whether this was actually ordered or not? You're arguing there's some lack of clarity on the factual record, right? Well, no. I think what happened was the judge ordered that the contempt order be served on the parties in interest, and then there was clarification that it would be narrowed to the survivor constituency. And so that was not done in this case. The court didn't grant summary judgment against you on that issue? Yes, she did. So aren't you arguing there's a fact issue that should have presented summary judgment for me? Exactly. Okay, so there's a fact issue. You're saying there's a fact issue. Right. Okay, that's not resolved by the record? Well, there's a fact issue as to what the intent of the appellees was in doing that. We don't ever have to explore why Judge Grable narrowed that order to the survivor constituency because it's all about what the intent of the appellees was in serving that order to 16,000 people as opposed to 900 people. And so that's the problem. And you bring up the summary judgment, Your Honor. I think in almost 40 years of practicing law, I have never had a judge say you can't have discovery before a motion for summary judgment. In this case, there was no scheduling conference. There were no initial disclosures. We asked for discovery, and we were denied that. I think that's procedurally unfair to the appellants to deny us any opportunity whatsoever to conduct any discovery in this case on the summary judgment. Is interpretation of a bankruptcy court's order a legal issue or a factual issue? I think it's mixed. I really do. I think it's mixed as to whether or not the appellees in this case adhered to what the judge ordered to be done. Which means we have to look at what the judge ordered, correct? And why did the appellees do something different than what the judge ordered? Well, we don't know if they did until we determine what the judge ordered, correct? You're essentially arguing that it's for a state jury to interpret a federal bankruptcy judge court's order. Is that what you're saying? It's why do they do it. I mean, that's real simple. Why when a bankruptcy court — I don't believe the orders are unclear. I think the orders are very clear as to what the judge dictated should be done. And the question becomes if you were only supposed to serve this order on 900 people, why did you serve it on personal friends of Rick and Amy Trahan who have nothing to do with the bankruptcy court proceeding? Are those personal friends part of the matrix? Yes, they were. But with no connection whatsoever to the bankruptcy proceeding. They were not creditors. They had no relationship whatsoever to the bankruptcy proceeding. And so the question becomes, and we only found this. We were only able to discern this because a lot of the matrixes were adapted. But Mr. Trahan and his wife were able to put together when they started getting calls from friends, hey, why have you been sanctioned in this case? Why? Let's step back a moment. Yes, ma'am. How does somebody get on a matrix in a bankruptcy case? Don't you have to have some connection to that bankruptcy case to get on the matrix to begin with? I'm not a bankruptcy judge, lawyer, quite honestly, so I don't know how that happens. I would ask the appellees, how does that happen that personal friends of the Trahans that have no connection whatsoever to the bankruptcy end up on that list? And moreover, why did they serve those 1,600 people? It makes no sense. They deviated from what the bankruptcy judge ordered, and unfortunately I'm out of time. I think I have a minute and 20. One other thing I want to bring up is this, because I think this is real important. In regard to the appeal in this case, as the court is well aware, the rulings had to be appealed to Judge Ash. Judge Ash had already made rulings in this case, and so he basically was serving as the judge, jury, and executioner in deciding whether or not his own rulings were erroneous. And I think that's inappropriate, and we cited Section 146 – I'm sorry, 28 U.S.C. 47, which prohibits a judge from hearing or determining an appeal from the decision of a case or issue they previously tried. And so in this particular case, we would argue that Judge Ash hearing the appeal in this case was inappropriate. At a minimum, it should have been reallotted to a different judge to determine whether or not there was an appeal, appealable issues in this case. One other issue I'll just throw out is the recusal issue. We argued that, as the court is well aware, Judge Grable made these comments about Mr. Trahant, that he was a bad, bad actor. The order came out that had yes with an exclamation point at the top of it, and then the next day, the order was removed from the record, and a new order was submitted arguing that it was a typographical error. There are a lot of questions here, Your Honors, that we feel like need to be explored. Thank you. Okay. You've saved time for rebuttal. Yes, ma'am. Thank you. I appreciate it. We'll now hear from Richard Stanley. Good morning, Your Honors, and may it please the Court. The score of this case is about whether counsel and a court-approved notice and servicing agent can be sued for serving a bankruptcy court order as instructed to do so by the bankruptcy court. The order in question was a June 7th order, which was available to anyone who wished to see it. It was not under seal. We contend the answer is no. Following a bankruptcy court's instructions on service cannot be the basis for a lawsuit or liability against notice counsel or the service agent. There are three preliminary matters I want to make clear from the outset. The only order at issue in this appeal was the initial five-page June 7, 2022 order. That's the order that they are contending was improperly served. That order was affirmed by a prior panel of this court in Adams v. Archdiocese of New Orleans, No. 22-30539 by Judge Jones. A second order followed the first order, and that was the sanctions order that Judge Haynes just mentioned. That order was affirmed by this court on January 2nd in 23-30466, both as to the violation by Mr. Trahant and as to the sanction. But the service of that second order isn't at issue in the state court case. And to Judge Ramirez's question, this case is not really about the mailing matrix, but the mailing matrix by bankruptcy rule has to be filed at the initiation of the process. And it includes not only known creditors, but any potential creditors or party in interest that could be affected by the Title XI proceeding. So in this case, you had some known creditors, some folks who had filed suit against the Archdiocese of New Orleans, but you also had, because the Archdiocese also runs a giant school system, you had all of the people who were students, parents in that school system listed also as parties in interest. So it was an enormous number of people who were put on the mailing matrix. But as Judge Ashe noted, no one has ever challenged, no one has ever filed a motion, no one has ever said the mailing matrix was improper. So when the judge said file it on all parties in interest and confirmed that that's what she meant by mailing matrix, that was the only choice that counsel and the noticing agent had. Who compiles the mailing matrix in a bankruptcy court? I just have no background on that. The debtor in possession would. The debtor in possession, and is it subject to sort of adversarial testing along the way? It could be, sure, yes. I mean, anyone who wants to challenge the content of the mailing matrix can do so. And as the bankruptcy proceeds, parties can be added or subtracted from the mailing matrix. If claims arise, for instance, that weren't known at the very beginning, they would be added to the mailing matrix. Or if people expire or have no claim or settle, they would be deleted. So I take it that your client is the defendant and was the defendant or maybe still is the defendant in the state court action, the abusive process action? Well, the state court action was removed. Well, sure, originally in the state court. Yes, my client is Jones Walker Law Firm, Mark Mintz, a partner at Jones Walker, and Donlan Roycano, which is the court-appointed noticing agent who handles all the service of process. All right, now I asked opposing counsel sort of what is the basis for the abusive process case? What is your view of that? I mean, it's a tort case, I get it. What's the basis of the tort action? The sole and complete basis, as Judge Grable and Judge Ash both noted, is that they contend that sending the bankruptcy court's June 7th order to the entire mailing matrix was an abusive process. Okay, in their view it should have been to a much smaller group of people. That is their contention. Yes, and so the entire issue in the state court proceeding birthed in the bankruptcy process and arose in the bankruptcy process, which means that it was a rising-in jurisdiction, which is a core proceeding. And I'll skip to that because I think that's very important. The basis for removal was twofold. First, it was under the Barton Doctrine, and under the Barton Doctrine you cannot sue a court-appointed official who is acting in their official capacity without leave of the bankruptcy court. This court affirmed that doctrine in Highland Court Management, a 2022 case. Now, it's an odd doctrine, to say the least, but because a suit against bankruptcy officials acting for the court can affect the bankruptcy estate, the Supreme Court in 1880 initiated the Barton Doctrine, and this court has followed it. Now, under the Barton Doctrine, no other court has jurisdiction of the case other than the bankruptcy court to say whether that case can proceed. So initially the removal was unquestionably correct, and while the Barton Doctrine applies mainly to trustees, 11 U.S.C. Section 1107, Judge Ash recognized, also extends it to debtors in possession because debtors in possession have the same powers as trustees. Now, you agree that if the tort case was going to be decided by a jury, it would have to go to the district court? If it was an adversary proceeding in a tort, yes, Your Honor. If it got to trial, it has to go back to Judge Ash. Yes, okay. I do agree. So you agree with that? I do. Are you feeling that anything below that can go to the district? Correct. I'm sorry, go from the district to the bankruptcy judge to consider? Yes, including a motion for summary judgment, as Judge Ash noted in his opinion. And so not only was it appropriate to send it to the bankruptcy court for an initial determination, but Judge Ash did review the entire thing de novo, which essentially makes any issue of that harmless error. How would that differ if the bankruptcy judge had issued findings, conclusions, and recommendations instead of a summary judgment order? If there were objections to a recommendation by the bankruptcy court, what standard of review would Judge Ash use to look at the objections? I think he would still use de novo review because he's sitting as an appellate judge of a bankruptcy court. So the standard of review is the same regardless of whether it was a recommendation or an actual order? In the bankruptcy context, I think that's correct. Thank you. Now, the second point I wish to make about remand and jurisdiction is there's no question this is a court proceeding. Both the bankruptcy court and the district court found that conclusion, and it's an obvious one. This court in McDermott said that interpreting, a bankruptcy court interpreting its own orders is a court proceeding. And so once it's a court proceeding, then it's unquestionably correct that the bankruptcy court has jurisdiction to decide it and to treat it as an adversary proceeding. And that's exactly what the bankruptcy court did. Summary judgment in this case was proper. There was no fact issue. The order issued on June 7th instructed counsel and the noticing agent to serve all parties in interest. Under Bankruptcy Rule 1007, that's the equivalent of the mailing matrix. Because the mailing matrix has so many names on it and because that is a very expensive thing to do, the counsel, my clients, sent an email to the clerk and said, are you sure about this? And the clerk sends back an email, and this is in the record, saying, yes, the judge says all parties in interest, not just the limit notice, because there was in this case a special limit notice. There are two ways of doing service, one to the limited group and one to the entire matrix. So the law clerk confirms in that email, but then there is also a conference with the court, which is transcribed, where the subject is brought up, and the court for the third time confirms that it's the entire mailing matrix. So we didn't think there's any issue at all, but the bankruptcy court in her order on summary judgment made it absolutely clear that she intended this to go to the entire mailing matrix. Who's in the limited notice matrix? The limited notice would mainly be attorneys for the major creditors. Is there a special notice group just for the survivors? No, I don't believe there is. So there's the mailing matrix, all inclusive, and then the special notice list, which was entered by the court at the outset as if we're going to limit notice, it's going to be to this group. And then essentially that group sends notice to everyone as they see fit. The Rule 54D, 56D motion, first, the court did not abuse its discretion in denying that. As this court has held many times before, you don't have to have discovery before summary judgment. And in this court, the district court and the bankruptcy court found that it would have been useless to do so because the only issue was the intent of the scope of the order, which was addressed by the bankruptcy court not only before the hearing but after the summary judgment hearing in her order. So it was very clear that there's no discovery necessary with that. I'll briefly talk about recusal. My opponents did try to recuse not only the bankruptcy judge but Judge Ash also. I want to be clear with respect to Judge Ash, as his order makes abundantly clear, he did not rule on his own orders. And he said the only court that could rule on his orders, which were the ones referring the case to the bankruptcy court, is this court. So he expressly did not rule on his own orders. So he did not need to be recused under the statutory basis for recusal. Second, with respect to the bankruptcy court, the initial attempt at recusal was under Section 144, which is the filing of the affidavit. But as this court has held, that statute by its own terms does not apply to bankruptcy courts. It only applies to district courts. So a second motion was then brought under 455, and that was primarily relying on intrajudicial statements. And in the bankruptcy court's order denying that remand, she went to great length to take each statement and explain its context. But intrajudicial statements, as this court found in Andrade, rarely, if ever, are going to be a basis for recusal. Because those are things that happened in court, statements in court, but she explained each and every one of them in her order. So there was no basis for recusal. That was affirmed by Judge Ash. And Judge Ash additionally said, and I'm reviewing everything de novo anyway. So it's all three harmless error as to any of that. Unless the court has any questions, I think I've covered the points I wanted to state. Okay. Thank you. Thank you, Judge. We'll now hear the rebuttal. Thank you, Your Honors. First of all, Judge Duncan, one question that you asked that I think I probably didn't answer and I want to answer it now. In re Fort Worth osteopathic holds that non-debtor disputes are not court proceedings, and that's exactly what this is. Opposing counsel said that my client didn't object to the mailing matrix. Well, he had no right or standing to object to the mailing matrix. And quite frankly, it's mind-boggling to me that the appellees could argue that they were entitled to mail this to 16,000 people when I'll read the order. It is further ordered that counsel for the debtor serve this order via first-class U.S. mail on those parties in interest who will not receive service via the court's PACER system, basically. I would submit to the court that the bar date had passed by the time that she issued this order. So the remaining, there were 900 claimants who had made claims by the date of the bar, by the bar date. So to say, well, we're going to go ahead and mail this to the remaining 15,000 people is not supported by the record in this case. And so for them to go rogue and send a contempt order to people who had not made claims to that point is, in my mind, an abusive process. Yes, ma'am. You said the order had been served by, through CMECF, the court's docketing process, correct? Yes, ma'am. It was a public order. Yes, ma'am. So if it's a public order and it goes out on CMECF to everyone who consents to receive notice, hasn't the majority of those 16,000 people already received the order via? No, ma'am. No? No, they wouldn't be signed up for that, for PACER. They would, as it says, the counsel for the debtors serve this order via first-class U.S. mail on those parties of interest who will not receive service via basically PACER. And so I would submit to the court that for the most part, and I'm sure you know this, attorneys are the ones who are primarily signed up via PACER, and it's pro se litigants who typically get an order via mail. And so that's the distinction here. While you may say it's a public order, it was intentionally, we would argue, intentionally mailed to parties who had no claim whatsoever in the bankruptcy court because the bar date had passed. So why did they do that? That's the question we have to ask is why did you do that? You weren't ordered to do that. And they argue, well, there was clarification in a subsequent order. There was never any variance from what the judge said. In fact, I think what she said in that transcript was the survivor constituency. That's what I want you to serve. And they didn't do that. Well, didn't she actually say that's who I'm concerned about receiving service? Right. And there's a discussion. She references it and wants to make sure that that constituency receives notice, but she doesn't ever say and only that constituency. She just wants to make sure that they're included, correct? She didn't vary her order where she said parties and interests and say, hey, I want you to send this to the entire mailing matrix because, as counsel pointed out, that's an expensive process to mail out 16,000 notices via USPS. But how do you discount them coming back and saying that's a lot of people? Are you sure that's what you want us to do? Isn't that the email to the clerk? But they never, ever got a commitment from Judge Grable that that's what I want you to do. And so the question becomes, well, why did you do that? Why did you vary from what the judge ordered in this case? And if they wanted – these are experienced bankruptcy lawyers who certainly could have clarified that with Judge Grable, and they didn't do that. And so what we have in the record is an order regarding just the parties and interests. A couple other points I want to make. So they should have filed a motion instead of calling the clerk's office to say, who do you want us to serve this on? Yes. I mean, I would submit to the court that status conferences via telephone where Mr. Trahant was not a party to, I think that that is very relevant in this case. One other thing, two points. Abuse of discretion. Again, 40 years of practicing law, I've never had a – in fact, I do a lot of state court practice. You file a motion for summary judgment, and the opposing party says, wait a minute, we need discovery. And then you agree to continue the motion for summary judgment because you've got to give your party an opponent for fair discovery. That was not done in this case. We asked for it. We told Judge Grable specifically what we needed, and she would not give us that. One last point, the recusal. Once the affidavit of bias is filed, the judge has to not take any further action, and we argue that Section 144 does apply to a bankruptcy judge because otherwise she'd have greater powers than an Article III judge. Okay. Thank you, Your Honors. Yes, ma'am. Thank you, both sides. We appreciate your argument. The case is now under submission, and we have concluded today's oral arguments for this panel. We will be back tomorrow at 9 a.m. Thank you, Your Honors. Have a good day. Thank you.